FILED IN OPEN COURT
U.S.D.C. Atlanta

NOV 17 2017

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM H. BORDERS, III | CRIMINAL INFORMATION<br>NO. 1:17-CR-393 |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Conspiracy to Commit an Offense against the United States
(18 U.S.C. § 371)**

1. From in or about November 2012, through in or about August 2013, in the Northern District of Georgia and elsewhere, defendant WILLIAM H. BORDERS, III did knowingly, willfully, and unlawfully combine, conspire, confederate, agree, and have a tacit understanding with other persons, both known and unknown, to commit an offense against the United States, namely, to devise and intend to devise, with the intent to defraud, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises relating to material facts, and, for the purpose of executing this scheme and artifice, did deposit and cause to be deposited vehicle loan applications that contained false and fraudulent information to be sent and delivered by a private and commercial interstate carrier, in violation of Title 18, United States Code, Section 1341.

**Object of the Conspiracy**

2. The object and purpose of the conspiracy was for defendant WILLIAM H. BORDERS, III and others to help unqualified borrowers fraudulently obtain

loans for vehicle purchases. BORDERS conspired with others to obtain fraudulent employment information, including employer names and income, and fictitious wage and earnings statements for unqualified borrowers to include in loan applications. As part of the conspiracy, BORDERS mailed, or caused others to mail, the loan applications containing the fictitious and fraudulent employment information to prospective lenders using a private and commercial interstate carrier.

## Background Information

At all times relevant to this indictment, unless otherwise stated:

3. Co-conspirator L.J. was the owner and operator of Buckhead Auto Gallery Sales & Transport, Inc. ("Buckhead Auto"), a vehicle broker/dealer located in Atlanta, Georgia, that assisted individuals and companies with buying and selling automobiles.

4. Defendant WILLIAM H. BORDERS, III was an operator and manager of Buckhead Auto.

## Manner and Means of the Conspiracy

5. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

6. Defendant WILLIAM H. BORDERS, III and co-conspirator L.J., through Buckhead Auto, assisted individuals interested in purchasing new and used vehicles by locating vehicles for sale.

7. Defendant BORDERS and co-conspirator L.J. also assisted individuals that wanted or needed loans to complete their vehicle purchases. To help buyers obtain financing, BORDERS and L.J. regularly identified prospective lenders,

helped buyers complete their loan applications, and helped buyers compile income and employment verification information.

8. To facilitate certain vehicle purchases, defendant BORDERS and co-conspirator L.J. directed or allowed individuals that might otherwise be unqualified for vehicle financing, due to factors such as poor credit history or insufficient income, to include fraudulent employment information, such as employer name and income, on loan applications that would be submitted to prospective lenders.

9. Defendant BORDERS and co-conspirator L.J. also obtained, or caused to be obtained, fictitious wage and earnings statements containing fraudulent salary information so that the statements could be included in the loan applications for unqualified borrowers.

10. Defendant BORDERS and co-conspirator L.J. submitted, or caused to be submitted, loan applications that contained fictitious and fraudulent employer names, income information, and/or wage and earnings statements to various lenders, including Gateway One Lending & Finance, by depositing the loan applications and supporting documents with private and commercial interstate carriers for delivery.

**Overt Acts in Furtherance of the Conspiracy**

11. In furtherance of the conspiracy, and to effect the objects and purposes thereof, Defendant WILLIAM H. BORDERS, III and co-conspirator L.J. committed various overt acts in the Northern District of Georgia and elsewhere, including, but not limited to, the following:

12. On a date unknown, but no later than November 26, 2012, defendant WILLIAM H. BORDERS, III and co-conspirator L.J. obtained, or caused to be obtained, a fictitious wage and earnings statement for borrower R.S., stating that that the borrower worked for "JLS Management Enterprise LLC" and earned a bi-weekly gross income of $6,500, when, in fact, borrower R.S. did not work for that company and did not earn the stated income.

13. On or about November 27, 2012, defendant WILLIAM H. BORDERS, III mailed an automobile loan application for borrower R.S., which included the fictitious wage and earnings statement referenced in paragraph 12 above, from Buckhead Auto in Atlanta, Georgia, to Gateway One Lending & Finance in Memphis, Tennessee, using Federal Express.

14. On a date unknown, but no later than February 14, 2013, defendant WILLIAM H. BORDERS, III and co-conspirator L.J. obtained, or caused to be obtained, a fictitious wage and earnings statement for borrower S.J., stating that the borrower worked for "JLS Management Enterprises LLC" and earned a bi-weekly gross income of $900.00, when, in fact, borrower S.J. did not work for that company and did not earn the stated income.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE PROVISION

The allegations contained in the Information, above, are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

Upon conviction of the offense set forth above, defendant WILLIAM H. BORDERS, III shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), all property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to said violations, including, but not limited to, a money judgment equal to the amount of proceeds obtained as a result of the offenses.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant

up to the value of the forfeitable property.

BYUNG J. PAK
  *United States Attorney*

*[signature]*

NEKIA S. HACKWORTH
*Assistant United States Attorney*
Georgia Bar No. 394110
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Phone: 404-581-6000
Fax: 404-581-6181